NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
ASHLEE N. THOMAS (State Bar No. 338787)
Ashlee.Thomas@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
CITY OF ANTIOCH, TAMMANY BROOKS, JAMES
PERKINSON, ARTURO BECERRA, DANIEL HOPWOOD,
and NICHOLAS SHIPILOV

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CASSANDRA QUINTO-COLLINS, individually and as successor-in-interest to Decedent ANGELO QUINTO; and ISABELLA COLLINS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANTIOCH, a municipal corporation; TAMMANY BROOKS, individually; JAMES PERKINSON, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; ARTURO BECERRA, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; DANIEL HOPWOOD, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; NICHOLAS SHIPILOV individually and in his official capacity as a police officer for the CITY OF ANTIOCH; and DOES 5-50, inclusive,<br><br>Defendants. | Case No. C21-6094 VC<br><br>**ANSWER TO COMPLAINT** |

Defendants CITY OF ANTIOCH, TAMMANY BROOKS, JAMES PERKINSON, ARTURO BECERRA, DANIEL HOPWOOD and NICHOLAS SHIPILOV ("Defendants")

ANSWER TO COMPLAINT – C21-6094 VC

respond as follows to Plaintiffs' ANGELO QUINTO, deceased, through his Successor in Interest, MARIA CASSANDRA QUINTO-COLLINS, individually and as successor in interest for ANGELO QUINTO, deceased, and ISABELLA COLLINS individually, for ANGELO QUINTO, deceased, Complaint for Damages ("Complaint"). Defendants demand a jury trial in this action.

## INTRODUCTION

1. Defendants neither admit nor deny the allegations in the "INTRODUCTION" section of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

## JURISDICTION AND VENUE

2. Defendants neither admit nor deny the allegations in Paragraph 2, because it includes contentions and legal matters not proper for admission or denial, though Defendants admit that jurisdiction and venue in this Court appear proper at this time, as alleged in Paragraph 2.

## PARTIES

3. Defendants neither admit nor deny the allegations in Paragraph 3 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

4. Defendants neither admit nor deny the allegations in Paragraph 4 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

5. Defendants admit that the City of Antioch is a municipal and/or public entity existing under the laws of the State of California as alleged in Paragraph 5. Defendants neither admit nor deny the remaining allegations in Paragraph 5 because it includes contentions and legal matters not proper for admission or denial.

6. Defendants admit that the Defendant TAMMANY BROOKS was employed as the Chief of Police (now retired) for the City of Antioch as of December 23, 2020, at the time officers came into contact with Decedent, as alleged in Paragraph 6. Defendants neither admit nor deny the remaining allegations in Paragraph 6 because it includes contentions and legal matters not proper for admission or denial

ANSWER TO COMPLAINT– C21-6094 VC        2

7. Defendants admit that the Defendant JAMES PERKINSON was employed as a police officer for the City of Antioch as of December 23, 2020, at the time he came into contact with Decedent, as alleged in Paragraph 7. Defendants neither admit nor deny the remaining allegations in Paragraph 7 because it includes contentions and legal matters not proper for admission or denial

8. Defendants admit that the Defendant ARTURO BECERRA was employed as a police officer for the City of Antioch as of December 23, 2020, at the time he came into contact with Decedent, as alleged in Paragraph 8. Defendants neither admit nor deny the remaining allegations in Paragraph 8 because it includes contentions and legal matters not proper for admission or denial

9. Defendants admit that the Defendant DANIEL HOPWOOD was employed as a police officer for the City of Antioch as of December 23, 2020, at the time he came into contact with Decedent, as alleged in Paragraph 9. Defendants neither admit nor deny the remaining allegations in Paragraph 9 because it includes contentions and legal matters not proper for admission or denial

10. Defendants admit that the Defendant NICHOLAS SHIPILOV was employed as a police officer for the City of Antioch as of December 23, 2020, at the time he came into contact with Decedent, as alleged in Paragraph 10. Defendants neither admit nor deny the remaining allegations in Paragraph 10 because it includes contentions and legal matters not proper for admission or denial

11. Defendants neither admit nor deny the allegations in Paragraph 11 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

## ADMINISTRATIVE PREREQUISITES

12. Defendants neither admit nor deny the allegations in Paragraph 12 because it includes contentions and legal matters not proper for admission or denial.

## FACTUAL ALLEGATIONS

13. In answering the allegations in Paragraphs 13 through 31, Defendants respond as follows: On December 23, 2020, Plaintiff Isabella Collins placed an emergency 911 call to Antioch Police Department ("APD") indicating that help was needed immediately, as her brother, the Decedent, was physically assaulting their mother, Plaintiff Maria Quinto-Collins. As a result, APD officers Perkinson, Becerra, Hopwood, and Shipilov were dispatched to 1909 Crestwood Drive, Antioch, California, and were given information that the Decedent was choking his mother. Officers also knew of a hammer being involved in the altercation in some way.

14. Officer Perkinson and Officer Becerra entered the residence where they were met by Plaintiff Isabella Collins. Ms. Collins pointed down the hallway to a bedroom. Officers heard a disturbance in the direction of the bedroom. Once inside, officers observed the Decedent and Ms. Quinto-Collins seated on the ground with their arms around one another and it was unknown if Decedent was hurting Ms. Quinto-Collins at that time. When officers attempted to separate the two, the Decedent began to pull away and resist. To overcome his unlawful resistance, officers took Decedent to the ground and placed him onto his stomach. After a brief struggle, officers were able to handcuff the Decedent. No impact weapon nor Taser were used on the Decedent, nor did officers strike the Decedent at any point. Once handcuffed, Decedent continued to struggle and flail his legs, which necessitated limited leg and body restraint for the safety of all parties, but there was not significant pressure placed on the torso of Decedent by any officer. Decedent did not appear to be in distress and was talking throughout the incident.

15. Officers spoke with Ms. Quinto-Collins regarding her son's behavior and determined the situation warranted a 5150 hold. Officers summoned an ambulance to effectuate the 5150 hold. At some point, as American Medical Response (ambulance) personnel entered the scene, it became clear that Decedent was suffering from some medical distress and was unresponsive. Medical personnel rolled the Decedent over and began CPR. Decedent was taken to Sutter Delta Medical Center by ambulance. Decedent never fully regained consciousness and died days later when he was removed from life support at the request of the family. Decedent's cause of death was determined by the coroner to be Excited Delirium Syndrome, per his finding and testimony at the

Inquest into the death of Decedent. There were toxicological findings as well, in addition to items of evidentiary value found in Decedent's room.

16. Other than as to those facts stated above, Defendants neither admit nor deny the remaining allegations in Paragraphs 13-31, because they include contentions and legal matters not proper for admission or denial and the Defendants either have no personal knowledge regarding all those contentions and/or do not have enough information to admit or deny the allegations at this time. Generally, Defendants deny Plaintiffs' contentions in the Factual Allegations section.

**DAMAGES**

17. Defendants deny that Plaintiffs are entitled to any relief in this matter. Defendants neither admit nor deny the remaining allegations in Paragraph 32 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

18. Defendants deny that Plaintiffs are entitled to any relief in this matter. Defendants neither admit nor deny the remaining allegations in Paragraph 33 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

19. Defendants deny that Plaintiffs are entitled to any relief in this matter. Defendants neither admit nor deny the remaining allegations in Paragraph 34 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

20. Defendants deny that Plaintiffs are entitled to any relief in this matter. Defendants neither admit nor deny the remaining allegations in Paragraph 35 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

21. Defendants deny that Plaintiffs are entitled to any relief in this matter. Defendants neither admit nor deny the remaining allegations in Paragraph 36 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

# FIRST CAUSE OF ACTION

## (42 U.S.C. § 1983)

### (Plaintiff MARIA CASSANDRA QUINTO-COLLINS as successors-in-interest to Decedent ANGELO QUINTO against Defendants BROOKS, PERKINSON, BECERRA, HOPWOOD, SHIPILOV, and DOES 5-50)

37. In answering Paragraph 37 through 38, Defendants incorporate by reference its responses to Paragraphs 1 through 36 of Plaintiffs' Complaint.

38. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 37 and 38 of Plaintiffs' Complaint.

# SECOND CAUSE OF ACTION

### (Violation of Plaintiffs' Civil Rights to Familial Relationship – 42 U.S.C. § 1983 Plaintiff MARIA CASSANDRA QUINTO-COLLINS against Defendants PERKINSON, BECERRA, HOPWOOD, SHIPILOV, and DOES 50-50)

39. In answering Paragraph 39 through 40, Defendants incorporate by reference its responses to Paragraphs 1 through 36 of Plaintiffs' Complaint.

40. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 39 and 40 of Plaintiffs' Complaint.

# THIRD CAUSE OF ACTION

## (*Monell* – 42 U.S.C. § 1983)[1]

### (All Plaintiffs except ISABELLA COLLINS against Defendant CITY, CROOKS, and DOES 5-50)

41. In answering Paragraph 41 through 47, Defendants incorporate by reference its responses to Paragraphs 1 through 36 of Plaintiffs' Complaint.

42. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 41 through 47 of Plaintiffs' Complaint.

---

[1] Per order of the Court, the *Monell* claim has been bifurcated for discovery and trial from the claims against the individually named Defendants. See ECF 21.

## FOURTH CAUSE OF ACTION

**(Violation of Bane Act CALIFORNIA CIVIL CODE § 52.1)**

**(All Plaintiffs except ISABELLA COLLINS Against All Defendants)**

43. In answering Paragraph 48 through 51, Defendants incorporate by reference its responses to Paragraphs 1 through 36 of Plaintiffs' Complaint.

44. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 48 through 51 of Plaintiffs' Complaint.

## FIFTH CAUSE OF ACTION (erroneously titled "FOURTH CAUSE OF ACTION"

**(C.C.P. Section 377.60 and 377.61)**

**(Wrongful Death)**

**(All Plaintiffs except ISABELLA COLLINS against All Defendants)**

45. In answering Paragraph 52 through 57, Defendants incorporate by reference its responses to Paragraphs 1 through 36 of Plaintiffs' Complaint.

46. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 52 through 57 of Plaintiffs' Second Amended Complaint.

## SIXTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress)**

**(Plaintiffs MARIA CASSANDRA QUINTO-COLLINS and ISABELLA COLLINS as individuals against Defendants PERKINSON, BECERRA, HOPWOOD, SHIPILOV and DOES 5-50)**

47. In answering Paragraph 58 through 60, Defendants incorporate by reference its responses to Paragraphs 1 through 36 of Plaintiffs' Complaint.

48. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 58 through 60 of Plaintiffs' Complaint.

## JURY DEMAND

Plaintiff demands jury trial in this matter. Defendants also herein demand a jury trial in this matter.

**PRAYER**

49. In answering Plaintiffs' "PRAYER" portion of the Complaint, including Paragraphs 1 through 8, Defendants deny that Plaintiffs are entitled to any relief in this matter

**AFFIRMATIVE DEFENSES**

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs' Complaint fails to state cognizable legal theories and/or facts sufficient to constitute cognizable legal theories against Defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs failed to state facts sufficient to support a prayer for punitive damages and/or exemplary damages against any Defendant.

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs and/or Decedent had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in Decedent's actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

4. AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times and places mentioned in Plaintiffs' Complaint, Plaintiffs and/or Decedent failed to mitigate the amount of their damages, if any. The damages claimed by Plaintiffs and/or Decedent could have been mitigated by due diligence on their part and/or Decedent's part or by one acting under similar circumstances. Plaintiffs and/or Decedent's failure to mitigate is a bar or limit to their recovery under their Complaint.

5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiffs and/or Decedent was the negligence and fault of the Decedent and/or others, or on the part of any person or entity for whose acts or omissions Defendants are not legally or otherwise responsible, or, in the alternative, that the negligence and fault of the Decedent and/or others in and about the matters alleged in the Complaint herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were,

1   and said negligence on the part of Decedent or others requires that any damages awarded to
2   Plaintiffs and/or Decedent shall be diminished in proportion to the amount of fault attached to the
3   Plaintiffs, Decedent and/or others.

4   6.   AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,
5   Defendants allege that Plaintiffs and/or Decedent, by virtue of their own conduct and omissions,
6   have enhanced and materially contributed to the damages, if any there may be, allegedly sustained
7   by Plaintiffs and/or Decedent as a result of the acts or omissions complained of herein.

8   7.   AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
9   Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were
10  privileged under applicable federal and state statutes and/or case law.

11  8.   AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,
12  Defendants allege that at all times herein mentioned, Defendants are immune from liability herein
13  pursuant to the provisions of California Government Code Sections 810 through 996.6.

14  9.   AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,
15  Defendants allege that at all times herein mentioned, all actions taken by the Defendants (and/or
16  any other officers named herein at any time) was/were reasonable under the circumstances and
17  taken under a good faith belief that the actions were not unlawful and the Defendants are therefore
18  immune under the "good faith immunity" and/or qualified immunity doctrine.

19  10.  AS AND FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE,
20  Defendants allege that Defendants shall only be responsible for damages, if any, in an amount
21  determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

22  11.  AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
23  Defendants allege that the alleged acts or omissions of the Defendants (and/or any other officers
24  named herein at any time), was/were based upon the officers' reasonable cause to believe that they
25  had reasonable suspicion to detain and/or probable cause to arrest the Decedent and/or take
26  Decedent into custody for a 5150 hold and the Defendants used reasonable force to effect the
27  detention and/or arrest, to prevent the escape and overcome the resistance of the Decedent, and for
28  the safety of the lives of themselves and others; and the Defendants are therefore immune by virtue

1  of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

2  12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants.

3  13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that to the extent Plaintiffs alleges or asserts matters not contained in a legally sufficient claim filed by them, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

4  14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the matters complained of by Plaintiffs, if committed by the Defendants, were consented to by Decedent and/or Plaintiffs.

5  15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute reasonable suspicion for a detention and/or probable cause for the arrest and/or custody of Decedent.

6  16. AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs have failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

7  17. AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs, some or all, have no standing to bring this civil action and/or some of the claims alleged in this action.

8  18. AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

9  19. AS AND FOR A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Defendants were acting in good faith in respect to the acts and/or omissions alleged in the Complaint.

20. AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Decedent, himself, was violent, combative, threatening, and/or resistive towards the Defendant officers and the Defendant officers, acted lawfully and/or in self-defense in relation to any claimed use of force.

21. AS AND FOR AN TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that they reasonably relied upon dispatch reporting and other sources of information, in taking the action against Decedent, making their conduct reasonable and lawful under the circumstances.

22. AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the absolute privilege of Civil Code § 47(b).

23. AS AND FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there are no lawful grounds for declaratory and/or injunctive relief.

24. AS AND FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Complaint fails to state a viable claim under the doctrine announced in *Monell v. Dep't of Soc. Servs,* 436 U.S. 658 (1978).

25. AS AND FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Defendants and/or its employees is/are not liable for an injury resulting from an action or omission where the act or omission was the result of the exercise of vested discretion.

26. AS AND FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that any harm which came to Plaintiff/Decedent, which is expressly denied, was a direct and proximate result of omissions or actions of Plaintiff/Decedent and/or others and/or the violation of law of Plaintiff/Decedent and/or others.

27. AS AND FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter.

Accordingly, the right to assert separate affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiffs take nothing by way of their Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

The undersigned attests that permission in the filing of this document(s) has been obtained from the signatory below which shall serve in lieu of the actual signatures on the document(s).

Dated: January 18, 2022

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: /S/ Blechman, Noah G.
Noah G. Blechman
Ashlee N. Thomas
Attorneys for Defendants
CITY OF ANTIOCH, TAMMANY BROOKS, JAMES PERKINSON, ARTURO BECERRA, DANIEL HOPWOOD, and NICHOLAS SHIPILOV

ANSWER TO COMPLAINT– C21-6094 VC            12