1  NOAH G. BLECHMAN (State Bar No. 197167)
   noah.blechman@mcnamaralaw.com
2  BRIANA J. WAITE (State Bar No. 327887)
   Brianaa.waite@mcnamaralaw.com
3  McNAMARA, AMBACHER, WHEELER,
   HIRSIG & GRAY LLP
4  3480 Buskirk Avenue, Suite 250
   Pleasant Hill, CA 94523
5  Telephone: (925) 939-5330
   Facsimile:  (925) 939-0203
6
7  Attorneys for Defendants
   CITY OF ANTIOCH, TAMMANY BROOKS, JAMES
   PERKINSON, ARTURO BECERRA, DANIEL HOPWOOD,
8  and NICHOLAS SHIPILOV

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CASSANDRA QUINTO-COLLINS, individually and as successor-in-interest to Decedent ANGELO QUINTO; and ISABELLA COLLINS, individually, | Case No. C21-6094 VC <br><br> **AMENDED STIPULATION AND [PROPOSED] ORDER TO MODIFY CASE SCHEDULE** |
| Plaintiffs, | |
| vs. | |
| CITY OF ANTIOCH, a municipal corporation; TAMMANY BROOKS, individually; JAMES PERKINSON, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; ARTURO BECERRA, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; DANIEL HOPWOOD, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; NICHOLAS SHIPILOV individually and in his official capacity as a police officer for the CITY OF ANTIOCH; and DOES 5-50, inclusive, | |
| Defendants. | |

All parties, by and through their counsel of record, hereby submit this *Amended* Stipulation and Proposed Order to move this Court to modify its most current Scheduling Order, entered on April 10, 2023 (ECF 45), as proposed below. This is the third such request, the last one leading to

AMENDED STIPULATION AND ORDER TO
MODIFY CASE SCHEDULE – C21-6094 VC

ECF 45.  The Court recently denied the most recent stipulation and proposed order (ECF 46) per the Minute Order (ECF 47) as the extension sought the parties was apparently too lengthy per the Court.  In that regard, the parties have modified this stipulation below in line with the Court's guidance for a six-week extension of deadlines, with exception of trial due to year end holidays, as follows:

1. WHEREAS the parties stipulate that good cause exists to amend the operative scheduling order as indicated below, including moving the pretrial and trial dates.

2. WHEREAS the Plaintiffs recently produced thirty-one Ring security camera videos to defense counsel, during the deposition of Defendant Officer Perkinson on April 18, 2023, after nearly two years of litigation.  These videos provide time data, include video and audio that may be relevant to a potential expert or experts.

3. WHEREAS the Plaintiffs have had said video footage in their possession from the date of the incident that gave rise to this current suit and indicated that they believed it was produced per their disclosures in this case.  Plaintiffs also believe the videos were collected by District Attorney and/or City of Antioch investigators soon after the incident. However, defense counsel was never provided with these Ring videos until last week.

4. WHEREAS recently the Plaintiffs also produced, for the first time, numerous Arlo (company name) surveillance videos from the Plaintiffs' home in a different format from the format produced by the defense and it is unknown if these include any videos different than Defendant's production of Arlo videos.  These videos may also be relevant to a potential expert or experts.

5. WHEREAS Defendants do not believe that these late disclosures of all of this video evidence was intentional by Plaintiffs, Defendants contend the late production has somewhat prejudiced them, as such, a modification to the schedule, including trial, is necessary so these items can be properly reviewed and analyzed.  Defendants now need more time to review the Ring and Arlo videos provided last week and any expert(s) need time to review and analyze as well.  While Plaintiffs note that there is no legitimate question

AMENDED STIPULATION AND ORDER TO MODIFY CASE SCHEDULE – C21-6094 VC          2

as to authenticity of the videos, Plaintiffs acknowledge that Defendants should have the ability to analyze the videos to their satisfaction. The videos do not depict any portion of the subject-incident restraint, but show among other things, the comings and goings of relevant parties and personnel through the front door, by motion activated camera, and the times of those comings and goings.

6. WHEREAS the parties also have not been able to obtain all relevant documentation as of yet from third parties per subpoenas, including the AMR report, records from the County Crime Lab and other locations, further setting back the parties' discovery efforts.

7. WHEREAS all four officer defendants have now been deposed and all Plaintiffs have been deposed, though other third-party depositions likely need to be completed, including fire department personnel.

8. WHEREAS in light of these discovery setbacks, as well as good cause shown, all key dates in this case are requested to be moved approximately 90 days per the parties proposed new schedule, subject to the Court's approval.

9. WHEREAS the parties wanted to alert the Court that they are also participating in a private mediation in this matter which is set for May 24, 2023.  untenable

| CASE EVENT | CURRENT DEADLINE | PROPOSED NEW DEADLINE |
|---|---|---|
| Close of non-expert discovery: | May 12, 2023 | June 23, 2023 |
| Expert Disclosure: | May 19, 2023 | June 30, 2023 |
| Rebuttal Expert Disclosure: | June 2, 2023 | July 14, 2023 |
| Close of expert discovery: | July 21, 2023 | August 25, 2023 |
| Deadline to file dispositive motions: | June 22, 2023 | August 3, 2023 |
| Deadline for hearing dispositive motions: | July 27, 2023 | September 7, 2023 |
| Pretrial Conference Statement | October 11, 2023 | November 22, 2023 |
| Pretrial conference: | October 18, 2023 | November 29, 2023 |
| Trial: | November 8, 2023 | January 8, 2024[1] |

---

[1] Due to the late December holidays, the parties propose an early January 2024 trial date, which is admittedly more than six months after the current November 8th trial date, but believe December 20th or thereafter would likely be impractical, though defer to the Court.

AMENDED STIPULATION AND ORDER TO MODIFY CASE SCHEDULE – C21-6094 VC      3

The parties attest that concurrence in the filing of these documents has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document.

**IT IS SO STIPULATED.**

Dated: May 1, 2023      **THE LAW OFFICES OF JOHN L. BURRIS**

/s/ Ben Nisenbaum
Ben Nisenbaum, Esq.
James Cook, Esq.
Attorneys for Plaintiffs

Dated: May 1, 2023      **MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP**

/s/ Noah G. Blechman
Noah Blechman, Esq. / John Swafford, Esq.
Attorney for Defendants

### ORDER

The Parties shall adhere to the following new schedule:

| CASE EVENT | NEW DEADLINES |
|---|---|
| Close of non-expert discovery: | June 23, 2023 |
| Expert Disclosure: | June 30, 2023 |
| Rebuttal Expert Disclosure: | July 14, 2023 |
| Close of expert discovery: | August 25, 2023 |
| Deadline to file dispositive motions: | August 3, 2023 |
| Deadline for hearing dispositive motions: | September 7, 2023 |
| Pretrial Conference Statement | November 22, 2023 |
| Pretrial conference: | November 29, 2023 |
| Trial: | January 8, 2024 |

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: May 2, 2023

The Honorable Vince Chhabria
United States District Judge

AMENDED STIPULATION AND ORDER TO MODIFY CASE SCHEDULE – C21-6094 VC      4