UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CASSANDRA QUINTO-COLLINS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANTIOCH, et al.,<br><br>Defendants. | Case No. 21-cv-06094-AMO (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 77 |

On December 6, 2023, the parties filed a joint discovery letter brief in which defendants seek "the limited psychotherapist records of Decedent Angelo Quinto [] from Rei Y. Francisco, LMFT, a family therapist, and any relevant testimony of Ms. Francisco (who is under subpoena) regarding these records." Dkt. 77 at 2. Defendants believe that Quinto received "limited psychiatric therapy with Ms. Rei Y. Francisco in 2020, likely only a few times, up until his death," and they argue that the records from those sessions are "directly relevant and necessary to Defendants' ability to defend the case." *Id.* at 3–4. Plaintiffs (Quinto's mother and his sister) have refused to authorize disclosure of the requested records on grounds of psychotherapist-patient privilege. According to the parties, they "have met and conferred on this issue for months, since August of 2023, and several times thereafter, including via Zoom and recently as well, but could not resolve this matter, leading to this filing being necessary." *Id.* at 2. The undersigned must first decide whether it may consider this letter brief at all.

Fact discovery closed on June 23, 2023, and expert discovery closed on September 29, 2023. Dkts. 49 & 68. Civil Local Rule 37-3 states: "Where the Court has set separate deadlines for fact and expert discovery, no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off, and no motions related to expert discovery may be filed more than

7 days after the expert discovery cut-off." The seventh day after June 23, 2023, was June 30, 2023, and the seventh day after September 29, 2023, was October 6, 2023. Thus, regardless of whether the psychotherapist records at issue constitute fact discovery or expert discovery—a distinction neither side has addressed—any letter brief seeking to compel those records was due long before December 6, 2023.

To be sure, "the deadline to move to compel in Civil Local Rule 37-3 can be equitably tolled when justice so demands for litigants who are otherwise diligent." *Illumina, Inc. v. BGI Genomics Co.*, 2021 WL 4305975, at *2 (N.D. Cal. Sept. 22, 2021). However, defendants have not even acknowledged the untimeliness of their present request to compel, nor have they attempted to show that equitable tolling of Local Rule 37-3 is warranted. Absent that showing, defendants must seek relief from Judge Martínez-Olguín. *See Staley v. Gilead Scis., Inc.*, 2022 WL 3974092, at *2 (N.D. Cal. Aug. 30, 2022) ("The [moving party] must receive permission from the district court to bring a motion to compel outside the date given by Local Rule 37-3 and the district court's case management order.").

Defendants' request to compel is untimely and is denied.

**IT IS SO ORDERED.**

Dated: December 14, 2023

ALEX G. TSE
United States Magistrate Judge