**JOHN L. BURRIS, ESQ., SBN 69888**
**BEN NISENBAUM, ESQ., SBN 222173**
**JAMES COOK, ESQ., SBN 300212**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120 Oakland, CA 94621
Telephone:  (510) 839-5200
Facsimile:  (510) 839-3882
Email:  John.Burris@johnburrislaw.com
Email:  Ben.Nisenbaum@johnburrislaw.com
Email:  James.Cook@johnburrislaw.com

Attorneys for Plaintiffs
MARIA QUINTO-COLLINS, and ISABELLA
COLLINS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA QUINTO-COLLINS, et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>CITY OF ANTIOCH, et al.,<br><br>          Defendants. | CASE NO.: CASE NO.: 3:21-cv-06094-AMO<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEFING RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT AND DAUBERT MOTIONS** |

Pursuant to the Court's Order at the hearing on Cross-Motions for Summary Judgment, Plaintiffs submit the following supplemental briefing:

1. **"Reckless Disregard" Satisfies the Specific Intent Component of Plaintiffs' Civil Code Section 52.1 Bane Act Claim.**

To satisfy the specific intent component of California Civil Code section 52.1 (Tom Bane Act), a plaintiff need not prove that the officer knew their conduct was illegal or unconstitutional. Instead, "Reckless disregard of the 'right at issue' is all that was necessary." *Cornell v. City and*

*County of San Francisco,* 17 Cal.App.5th 766, 803-04, 225 Cal.Rptr.3d 356, 387-87 (November 17, 2017).  Proving a section 52.1 Bane Act violation involves a two-step process: First, a purely legal determination is made of whether the right at issue is clearly delineated and plainly applicable under the circumstances of the case. *Id.*  Certainly, Plaintiffs meet that prong in the instant case, since prone restraint of a minimally resistive person who is handcuffed behind the back, isolated from being any public threat, and 4.5 minutes before the prone restraint concludes and appears to be unconscious, presents a *prima facia* use of unreasonable force under *Drummond* (for the Fourth Amendment) and *Garlick* (satisfying even the Fourteenth Amendment standard), as further discussed in the moving and opposing papers. The second step under *Cornell* is satisfied "as a matter of law" where the defendant is adjudged to have acted with "reckless disregard" of the Constitutional or statutory right(s) at issue. The defendant need not have been aware of, or recognized, the unlawfulness of their act. *Id.* Plaintiffs satisfy the second step on the evidence presented in the instant case:  Extended prone restraint of Mr. Quinto, when all reasonable officers (including by their own admission the defendants) are trained to avoid weight and compression of the subject's back during prone restraint, and to put the person on their side as soon as it is reasonably safe to do so in order to avoid asphyxia during restraint, is in reckless disregard of Mr. Quinto's rights under the Fourth Amendment, at a minimum. This is especially true where the prone restraint continued for minutes after Mr. Quinto was apparently unconscious.

As discussed in *S.T. by and through Niblett v. City of Ceres,* (USDC, E.D. Cal, 327 F.Supp.3d 1261, 1282-83, August 31, 2018), Judge O'Neill found that a jury could infer both that defendants acted unreasonably and with reckless disregard for the decedent's Fourth Amendment rights when the defendants shot him twice in the back while he was fleeing.  As in *Cornell* and *S.T.*, whether the defendants acted with the requisite reckless disregard to satisfy the specific intent component of section 52.1 is a fact question for the jury to decide.  Such intent may be inferred by the conduct constituting unreasonable force.

2. **FRE 403 Bars the Introduction of Unduly Prejudicial "Scientific" Evidence.**

Federal Rule of Evidence 403 bars the introduction of evidence from trial where the evidence's probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury.  This is true of all evidence, including scientific evidence that is additionally subjected to the *Daubert* standard.

In *Sugar Association, Inc. v. McNeil-PPC, Inc.,* 2008 WL 11338092 (USDC C.D. California, July 21, 2008), Judge Fischer determined that, in addition to being subject to scrutiny under *Daubert*, "Federal Rule of Evidence 403 permits exclusion of testimony if its probative value is substantially outweighed by the danger of misleading the jury. See Fed. R. Evid. 403; Daubert, 509 U.S. at 595." (underline in original).

In *Sugar Association,* Judge Fischer conducted a Rule 702 analysis under *Daubert* that included a scientific relevance analysis, that the proposed evidence was "relevant to the task at hand", referred to as the "fit" requirement described in *Daubert v. Merrell Dow Pharms., Inc.,* 43 F.3d 1311, 1316 (9th Cir. 1995)  (*Id* at *5).  Though Judge Fischer determined that even if the opinions were only marginally relevant under *Daubert*, the opinions would still be subject to FRE 403. Judge Fischer conducted an additional FRE 403 analysis and determined that the proposed evidence would also be inadmissible under FRE 403 due to the dangers of unfair prejudice, confusing the issues, and misleading the juries, outweighing its probative value.  (*Sugar Association, Id,* at *6).

In *Ferreira v. Arpaio,* 2017 WL 5496135 (USDC, D.Arizona November 16, 2017), Judge Teilborg conducted both FRE 403 (at *Id, *5-6 and 702/*Daubert* (at *Id* *6-7) analyses of an expert's psychiatric opinions, and found that experts' opinions satisfied both FRE 702 and 403, and were admissible (at *Id* *8).

In *U.S. v. Benavidez-Benavidez* 217 F.3d 720, 723-24 (9th Cir. 2000), the 9th Circuit recounted case law excluding polygraph results under both FRE 702 and 403; that is, for foundation and undue prejudice, respectively.  The court in *Benavides* upheld the exclusion of polygraph results evidence under FRE 403 "standing alone", and thus did not need to reach the district court's FRE 702 or 704(b) analysis at all. *Id.* at 725-26.

Indisputably, the Court must conduct an FRE 403 analysis in addition to FRE 702/*Daubert* analysis.  As argued by Plaintiffs, the proposed opinions urged by Defendants both lack foundation as applied to Mr. Quinto (because he exhibited no hyperthermia), and are unduly prejudicial by confusing the issues (Mr. Quinto died because he took Modafinil, the defense says, while then saying that the Modafinil did not kill him, but caused an unprovable condition that killed him without any scientific causal connection between that condition and death, except a long, verboten prone restraint conducted by certain of the Defendants, in the presence of all Defendants, in a manner known to kill people by asphyxiation.) If any argument could be an ouroboros, this is one such example of it by Defendants.  So Defendants seek to muddy the waters by pointing to a person taking unprescribed Modafinil, which has never contributed to anyone's death, other than Mr. Quinto's, according to Defendant's own toxicology expert.

The proper focus of a section 1983 police use of force lawsuit is on the defendant's conduct, and whether that conduct was reasonable. Misleading claims unrelated to the use of force, that no expert actually opines, caused Mr. Quinto's death (i.e., the Modafinil), weight force studies that are inapposite to an actual forcible prone restraint (because they exclude the acceleration multiplicative factor in the f=ma equation of force), and a minimal heart issue that would not be expected to cause Mr. Quinto any significant problems for decades remove the jury's focus from the conduct of Defendants and puts the focus on ancillary matters, on the basis of assertions by Defendants' medical experts that really are not applicable under these circumstances. Excited anything: Delirium, Agitation, Hyperactive, etc. causing death in the absence of hyperthermia (and in that case, it is the hyperthermia that is lethal or one of the factors in killing the person) function only to provide jurors an excuse to fail to return a verdict against police officers who use unreasonable force.  The evidence under FRE 403 is excludable under both FRE 702/*Daubert* and more generally FRE 403.

### 3. California State Law Immunities under Government Code Sections 820.4 and 845.8(b) Do Not Apply Where an Officer Uses Unreasonable Force or is Negligent in Their Use of Force.

At argument, Defendants contended that Plaintiffs failed to address Defendants' state law immunities argument because Plaintiffs inaccurately identified Defendants' authorities as Government Code section 815.2, 820.2, and 820.8, along with Penal Code section 835(a). Regardless of the misidentification, the law remains the same: There is no immunity for Defendants under California state law where the Defendants' use of unreasonable force, or are otherwise negligent, in their use of force.

Government Code section 820.4 provides immunity only for an officer "exercising due care." *Reynolds v. County of San Diego,* 858 F.Supp. 1064, 1074 (USDC, S.D. California, July 14, 1994). In *Reynolds,* the court determined there was immunity under section 820.4 only because the defendant officers' actions were objectively reasonable. There is no immunity where the defendant officers are not exercising due care, such as by using unreasonable force as alleged in this case. See *Stoddard-Nunez v. City of Hayward* 2013 WL 6776189 *8-9 (USDC, N.D. California, December 23, 2013).

Government Code section 845.8 is "a specific application of the discretionary immunity recognized in California cases and Section 820.2." California Law Revision Commission to 1963 adoption of section 845.8. Section 820.2 does not provide immunity from suit for injuries caused by an officer's use of excessive force, and this claim for immunity has been widely dismissed. *See, Lifton v. City of Vacaville,* 72 Fed.Appx. 647, 649-650 (9th Cir. 2003); *Larson v. City of Oakland,* 17 Cal.App.3d 91, 95-98 (1971); *Scruggs v. Haynes,* 252 Cal.App.2d 256, 262-68 (1967); *Ne Casek v. City of Los Angeles,* 233 Cal.App.2d 131, 136-38 (1965). California law simply does not grant immunities to police officers for the use of excessive force.

4. **Neither Does Welfare and Institutions Code Section 5278 Grant Immunity to an Officer Who Uses Unreasonable Force or is Negligent in How They Conduct the Detention.**

Welfare and Institutions Code section 5278 does not confer immunity on officers who negligently or unreasonably execute the section 5150 detention.

*C.B. v. Moreno Valley Unified School District,* 544 F.Supp.3d 973, 977-78 (USDC, C.D. California, June 17, 2021) is directly on point. Citing to *Sheehan v. City & Cty. of San Francisco,*

743 F.3d 1211, 1233 (9th Cir. 2014), rev'd in part, cert. dismissed in part *sub nom*, *City & Cty. of San Francisco v. Sheehan*, 575 U.S. 600 (2015) (plaintiffs' instant counsel's case and first and only appearance at the Supreme Court), *C.B.* noted that the scope section 5278 immunity "is not as all-encompassing as the defendants argue." *Sheehan* relying on, *Jacobs v. Grossmont Hospital,* 108 Cal.App. 4th 69 (2003): the immunity extends only to "claims based on <u>circumstances that are inherent in an involuntary detention</u>." (emphasis in original). The immunity only applies where the "authority for such a detention is exercised <u>in accordance with the law</u>." *Farmer v. Cty. of Calaveras*, 2018 WL 19199900 at *5 (E.D. Cal, April 24, 2018) (emphasis in original). Finally, under *Sheehan,* p. 743 F.3d. at 1234 (note, only the denial of qualified immunity was reversed by the Supreme Court in *Sheehan,* over Judge Scalia's scathing dissent from that reversal): Section 5278 offers no immunity where officers are negligent in the execution of the detention of a W&I 5150 subject.

That is the case here. Defendants used unreasonable force and were negligent as well.  None of the claimed California State Law Immunities apply.

Respectfully submitted,

Dated: December 18, 2023                    **THE LAW OFFICES OF JOHN L. BURRIS**


/s/*Ben Nisenbaum*
Ben Nisenbaum
Attorney for Plaintiffs
MARIA QUINTO-COLLINS, et al.